### REDPATH LYCEUM BUREAU v. PICKERING.

(Circuit Court of Appeals, Seventh Circuit. March 6, 1918.)

No. 2546.

INTERNAL REVENUE ☞9—SPECIAL TAXES—LYCEUM COURSES—"LECTURE LYCEUM."

Under Act Oct. 22, 1914, c. 331, § 3. cl. 8, 38 Stat. 751, declaring that proprietors or agents of all other public exhibitions or shows for money, not enumerated in the section, shall pay $10, provided that the paragraph shall not apply to Chautauquas, lecture lyceums, agricultural or industrial fairs, or exhibitions held under the auspices of religious or charitable associations, a corporation using the term "Lyceum Bureau" in its title, engaged in the business of supplying Chautauqua and lyceum courses throughout the country with lecturers and entertainers, is subject to the tax on professional show features, for they do not fall within the exception; the expression "lecture lyceum" not including independent show units engaged for the occasion.

---

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Action by the Redpath Lyceum Bureau against John L. Pickering, Collector. Judgment for defendant, and plaintiff brings error. Affirmed.

For convenience the parties are termed plaintiff and defendant, as in the lower court. The writ of error is sued out of the District Court from an order of the court, entered on an agreed state of facts, the jury being waived, denying judgment for the recovery of certain federal taxes paid under protest by plaintiff to defendant August 31, 1916, and September 22, 1916, assessed under section 3, clause 8, of the Act of October 22, 1914 (38 Stat. 745), and acts amendatory thereof, wherein it is provided:

"That on and after November first, nineteen hundred and fourteen, special taxes shall be, and hereby are, imposed annually as follows, that is to say: * * *

"Eighth. Proprietors or agents of all other public exhibitions or shows for money not enumerated in this section shall pay $10: * * * Provided further, that this paragraph shall not apply to Chautauquas, lecture lyceums, agricultural or industrial fairs, or exhibitions held under the auspices of religious or charitable associations."

It is the claim of plaintiff that its attractions come within the terms of the exceptions of the statute. Plaintiff is a corporation engaged in the business of supplying Chautauquas and lyceum courses throughout the United States. As a part of this business it makes contracts whereby certain lecturers, dramatic readers, musicians, and other entertainers, known under the term "talent," agree to appear at designated places for a fixed compensation, in the churches, Y. M. C. A. halls, or other selected places outside the usual professional entertainment halls; the plaintiff usually dividing receipts with the local organization. The entertainments purport to be both educational and entertaining, and intended to increase the local culture. They constitute well-known and popular features, such as lectures, instructive and amusing, and the many light numbers familiar to the public.

The taxes were not assessed and collected upon all the entertainments offered by plaintiff, but upon only such as the collector decided did not come within the statutory exception, a list whereof is set out in the declaration and in Exhibits B and C to the declaration, together with the amount of the tax. On hearing, the District Court sustained the action of the collector, and found the issues for the government, with costs. This action was assigned for error, as also the holding that plaintiff was amenable to the payment of federal taxes in more than one district in the state of Illinois.

Albert M. Kales, of Chicago, Ill., for plaintiff in error.

Edward C. Knotts, of Carlinsville, Ill., and John E. Daugherty, of Peoria, Ill., for defendant in error.

Before KOHLSAAT, ALSCHULER, and EVANS, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). There is no system of entertainments known as "lecture lyceums." The term defines no well-known method of public entertainment, save as we may gather meaning from the aggregation of the two words. The District Court evidently construed the exemption as appertaining to such features as the lyceum itself produced, not deeming the exemption to apply to professional show features, in and of themselves being complete entertainments. We see no reason why a performance, which in one case might be a vaudeville performance and subject to the tax, should, when hired and produced by a so-called lyceum company, be exempt therefrom. Of course, a Chautauqua, agricultural or indus-

trial fair, or exhibitions held under the auspices of religious or charitable associations might present the same attractions. In such case, it would seem that Congress has described a distinct entity. We are not advised what a lecture lyceum means, but are of the opinion that it does not include mere independent show units engaged for the occasion, whether shown alone or as an antidote for somnolence.

The act expressly provides that the tax shall be imposed annually, and only once within any given state. We discover in the record no attempt to transgress that provision, notwithstanding the assignment of error to that effect. The ultimate facts are apparent upon the record. The assessment of a part of the tax on two separate dates does not show that the tax was demanded twice in one year.

The judgment of the District Court is affirmed.